# IN THE COURT OF APPEALS OF TENNESSEE AT JACKSON
March 29, 2022 Session

## TENNESSEE FARMERS MUTUAL INSURANCE COMPANY v. DAVID PAYNE, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-003604-17    Yolanda Kight Brown, Judge**

_____

### No. W2021-00376-COA-R3-CV

_____

This appeal concerns a dispute over insurance coverage. Amy Higgs ("Higgs") individually and on behalf of her deceased son, Cayson Emmit Turnmire ("Cayson"), sued David Payne ("Payne") for the negligent maintenance of his property in relation to Cayson's death by drowning in Payne's swimming pool. Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers"), Payne's homeowners' insurance carrier, filed a complaint for declaratory judgment in the Circuit Court for Shelby County ("the Trial Court") against Payne and Higgs. Tennessee Farmers argued that, due to an exclusion in Payne's homeowners' insurance policy against claims "arising from or in connection with the swimming pool," it is not obligated to defend or indemnify Payne. Tennessee Farmers and Higgs filed cross motions for summary judgment. The Trial Court granted Tennessee Farmers' motion and denied Higgs' motion. Higgs appeals. Citing the concurrent cause doctrine, Higgs argues that Tennessee Farmers must defend and indemnify Payne as, apart from the pool, certain non-excluded causes contributed to Cayson's death—namely, Payne's failure to fence or gate his property. We hold, *inter alia*, that each of Higgs' alleged non-excluded concurrent causes are bound up inextricably with Cayson's tragic drowning in Payne's pool, an excluded cause under Payne's insurance policy. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Charles Silvestri Higgins and Ryan G. Saharovich, Memphis, Tennessee, for the appellant, Amy Higgs.

Andrew H. Owens, Memphis, Tennessee, for the appellee, Tennessee Farmers Mutual Insurance Company.

David Payne, Pro Se appellee.[1]

## OPINION

### Background

In June 2017, Higgs, individually and on behalf of her deceased son, Cayson, sued Payne for the negligent maintenance of his property in relation to Cayson's death by drowning in Payne's swimming pool. According to her complaint, on June 10, 2016, Higgs was house-sitting with five-year-old Cayson at her parents' residence in Millington, Tennessee. As Higgs did laundry, Cayson wandered into Payne's yard, climbed up on his unsecured deck, and drowned in Payne's swimming pool. In August 2017, Tennessee Farmers, Payne's insurance carrier, filed a complaint for declaratory judgment against Payne and Higgs in the Trial Court. Tennessee Farmers asserted that, based on an exclusion contained in Payne's policy, it had no obligation to defend or indemnify Payne in this matter. The exclusion states:

> PERSONAL LIABILITY AND MEDICAL PAYMENTS TO OTHERS COVERAGE PROVIDED BY THIS POLICY SHALL NOT PROVIDE PROTECTION FOR ANY CLAIMS OR DAMAGES ARISING FROM OR IN CONNECTION WITH THE SWIMMING POOL ON THE INSURED PREMISES.

Tennessee Farmers and Higgs filed cross motions for summary judgment.

In April 2021, the Trial Court entered an order granting Tennessee Farmers' motion for summary judgment and denying Higgs' motion for summary judgment. The Trial Court stated, in pertinent part:

> The parties concede that there are no material facts in dispute[.] As such, the Court only needs to determine which party is entitled to summary judgment as a matter of law. The question of the extent of insurance coverage is a question of law involving the interpretation of contractual language[.] An insurance policy is to be interpreted as any other contract, and must be interpreted according to its plain terms, considering the entire contract when determining the meaning of any or all of its parts[.] A Court must read an insurance contract as a lay person would read it. Where an all risk insurance policy is involved, the insurer must show that an exclusion

---

[1] Payne has not filed a brief or otherwise participated in this appeal.

applies in order to avoid liability and exclusionary clauses are to be strictly construed against the insurer. The terms and provisions of a policy drafted by the insurance company must be construed strongly in favor of the insured[.] An insurer's duty to defend is determined solely by an examination of the allegations of the underlying complaint[.] Consequently, the Court needs only to determine if movant is entitled to a judgment as a matter of law after looking at the complaint and the relevant insurance policy.

The Complaint is predicated upon negligence by Defendant as it relates to the pool where the Complaint alleges

• Defendant Payne's home had an aboveground swimming pool in the backyard.

• Defendant Payne did not have a fence or gate around the pool or his property. Rather, he had a deck that partially surrounded the aboveground pool, providing easy access to the pool[.]

• The child wandered in Defendant's backyard, climbed up and fell into the aboveground pool and drowned.

• The child's death was proximately caused by Defendant's failure to maintain his property and pool in a reasonable and safe manner and condition.

• Defendant had a duty to maintain his property and pool in a reasonable and safe manner and condition. Defendant knew or should have known that his pool would entice or lure children to enter onto his property unsupervised[.]

• Defendant's breaches of duty include but are not limited to:

> o Failing to have a fence around his pool and/or property,
> o Failing to have a gate to prevent access to his pool,
> o Failing to secure, lock, or remove the steps to the aboveground pool to prevent access to the pool,
> o Failing to have a pool alarm,
> o Failing to exercise reasonable and ordinary care under the circumstances,
> o Such other negligent acts or omissions as may be shown at trial; and
> o Each of the above said acts of negligence directly and proximately caused the death of the minor child[.]

• Defendant is guilty of violating Tenn[.] Code Ann[.], §68-14-801 et Seq "Katie Beth's Law" (Pool Alarms) and said violation constitutes negligence per se and was a direct and proximate cause of the minor child's death and injuries[.]

• Defendant is guilty of violating Shelby County's Uniform Development Code §2.7.6 Swimming Pools[.] [S]aid violation constitutes negligence per

se and was a direct and proximate cause of the minor child's death and injuries.  In the alternative[,] Defendant was guilty of violating Shelby County Zoning Ordinance §27(B)(4) which was applicable to the subject pool[.]  [S]aid violation constitutes negligence per se and was a direct and proximate cause of the minor child's death and injuries.

• Defendant was guilty of violating International Building Code 2009 Section 3109, Swimming Pool Enclosures and Safety Devices[.]  [S]aid violation constitutes negligence per se and was a direct and proximate cause of the minor child's death and injuries.

At the time of the incident, based on the relevant undisputed facts:

• Defendant's property was insured by an all-risk policy (as conceded by the parties) with Tennessee Farmers Mutual Insurance Company for which he was paying a premium and the Policy contains an Amendatory Endorsement that provided in pertinent part

AMENDATORY ENDORSEMENT
TF7 (01/1996)

Effective Date of this Endorsement 02-16-2012
Applicable to Unit 1

Subject to all other terms of the policy to which this endorsement is attached, you and we agree that this endorsement is a part of the policy when it is designated in the Declarations and you pay any premium due.  Any term in the policy in conflict with any provision in this endorsement shall be of no effect and inapplicable.

The provisions of this endorsement are specifically stated in the Declarations and identified with this endorsement number.

Description:

1 PERSONAL LIABILITY AND MEDICAL PAYMENTS TO OTHERS COVERAGE PROVIDED BY THIS POLICY SHALL NOT PROVIDE PROTECTION FOR ANY CLAIMS OR DAMAGES ARISING FROM OR IN CONNECTION WITH THE SWIMMING POOL ON THE INSURED PREMISES.

All other terms of the policy remain unchanged.

Viewing the complaint and evidence in the light most favorable to Respondent Higgs, the claims in the Complaint arise from or in connection with the swimming pool on Respondent David Payne's property and although they may have been otherwise covered under the general terms of the "all-risk policy" it is clear that the endorsement expressly excludes coverage, and the Court finds no ambiguity in the words "arising from or in connection with the pool" or its applicability in this case[.] Further, it is of no consequence that the policy does not explicitly provide an exclusion concerning coverage for claims or damages arising from or in connection to Defendant's decks or other defects or deficiencies on Respondent Payne's property such as lack of fencing because these alleged breaches of duty are linked to the swimming pool i[.] e., only at issue because of the pool and are not just a mere connection[.] There is no allegation that these alleged breaches of duty were defective any way other than as it relates to [the] pool and … there are no allegations that injuries would have resulted if there was no pool[.] If we were talking about a situation in which the child climbed up the stairs to the deck of the pool and tripped on a broken board of the deck and hit his head causing injuries and then fell into the pool and drowned, we might have a different result even though there was a pool involved, because those injuries might be interpreted as having two causes with one not arising from or in connection with the pool but rather the deck[.] In this case, there is no other separate cause or non-excluded cause for the injuries. As such, the concurrent coverage theory is not applicable.

For these reasons, the Court finds that Tennessee Farmers Mutual Insurance Company has met its burden of establishing that it is entitled to a judgment as a matter of law and Respondent has not[.] Tennessee Farmers Mutual Insurance Company's Motion is granted and Respondent's is denied[.] There is no coverage under the applicable insurance policy HP 1326266 referenced in the Declaratory Judgment Complaint for the incident occurring on or about June 10, 2016 involving the drowning of Respondent[']s minor child and (2) Tennessee Farmers Mutual Insurance Company has no duty to defend or indemnify the insured, David Payne, in or from any claim arising out of the incident occurring on or about June 10, 2016, involving the drowning of Respondent[']s minor child and claims made concerning the same as found in Shelby County Tennessee Circuit Court #CT-002439-17.

Higgs timely appealed to this Court.

## Discussion

Although not stated exactly as such, Higgs raises the following issues on appeal: 1) whether the Trial Court erred in holding that Tennessee Farmers is not obligated to defend or indemnify Payne in this matter when Cayson's death on Payne's property was caused by both a covered cause and an excluded cause; and, 2) whether Tennessee Farmers 'contracted around' the concurrent cause doctrine.

We first address whether the Trial Court erred in holding that Tennessee Farmers is not obligated to defend or indemnify Payne in this matter when Cayson's death on Payne's property was caused by both a covered cause and an excluded cause. In her brief on appeal, Higgs argues thusly, in part:

> As alleged in Ms. Higgs' underlying Complaint, Mr. Payne's failure to have a fence around either his property, the gate, or the swimming pool each substantially contributed to causing Cayson's death. Moreover, Mr. Payne's failure to properly maintain his free-standing wooden deck allowed Cayson access to the swimming pool. While the swimming pool was a substantial cause of Cayson's death, Farmers does not dispute that these other allegations of negligence would be generally covered under the policy. Instead, Farmers argues that the Court should disregard the concurrent cause doctrine and find that the swimming pool exclusion excludes coverage for the entire claim because Cayson's death was caused, in part, by the swimming pool.

(Internal record citations and footnote omitted).

Higgs notes further that Payne's policy with Tennessee Farmers is all-risk, with the swimming pool provision constituting the only exclusion at issue. Under Payne's policy with Tennessee Farmers, personal liability coverage under Section II is limited at $300,000 for each occurrence. With respect to medical payments to others, coverage is limited at $5,000 for each person and $25,000 for each accident.

The Tennessee Supreme Court most recently addressed the concurrent cause doctrine in *Clark v. Sputniks, LLC*, 368 S.W.3d 431 (Tenn. 2012), a case featuring an issue of whether liability insurance coverage existed so as to cover plaintiffs' injuries stemming from an altercation at the insured's bar and restaurant. In *Clark*, the Tennessee Supreme Court discussed the concurrent cause doctrine as follows:

> Having determined that Insurer is not collaterally estopped by the doctrine of estoppel by judgment, we now address the issue of whether the

concurrent cause doctrine applies to provide coverage for the altercation that formed the basis for the underlying tort action. The question of the extent of insurance coverage is a question of law involving the interpretation of contractual language, which we review de novo with no presumption of correctness. *U.S. Bank*[*, N.A., v. Tenn. Farmers Mut. Ins. Co.*], 277 S.W.3d [381] at 386 [(Tenn. 2009)]; *Travelers Indem. Co.* [*v. Moore & Assoc.*], 216 S.W.3d [302] at 305 [(Tenn. 2007)]. Insurance contracts are "subject to the same rules of construction as contracts generally," and in the absence of fraud or mistake, the contractual terms "should be given their plain and ordinary meaning, for the primary rule of contract interpretation is to ascertain and give effect to the intent of the parties." *U.S. Bank*, 277 S.W.3d at 386-87. Additionally, courts should construe insurance policies " 'as a whole in a reasonable and logical manner.' " *Travelers Indem. Co.*, 216 S.W.3d at 306 (quoting *Standard Fire Ins. Co. v. Chester-O'Donley & Assocs.*, 972 S.W.2d 1, 7 (Tenn. Ct. App. 1998)).

The pivotal language of the insurance policy in this case provides that "[t]his insurance does not apply to actions and proceedings to recover damages for [injury] arising from ... Assault and Battery or any act or omission in connection with the prevention or suppression of such acts." The policy further provides that Insurer "is under no duty to defend or to indemnify an insured in any action or proceeding alleging such damages." The plaintiffs admit that there is no coverage arising from Mr. Smotherman's assault and battery that resulted in Mr. Clark's death and Mr. Gamble's injury. They assert, however, that the concurrent cause doctrine applies and results in coverage arising from the defendants' negligence in engaging in a pattern of conduct encouraging inebriation of its patrons and failing to take reasonable steps to protect customers from foreseeable criminal attacks. We respectfully disagree.

Tennessee recognizes the concurrent cause doctrine, which provides that there is insurance coverage in a situation "where a nonexcluded cause is a substantial factor in producing the damage or injury, even though an excluded cause may have contributed in some form to the ultimate result and, standing alone, would have properly invoked the exclusion contained in the policy." *Allstate Ins. Co. v. Watts*, 811 S.W.2d 883, 887 (Tenn. 1991). The fatal flaw in the plaintiffs' concurrent cause doctrine argument is that there is no nonexcluded concurrent cause. Accepting all of the complaints' allegations regarding the defendants' negligence as the established facts, the risks of their negligent conduct in failing to prevent an assault and battery are expressly excluded from coverage under the policy. The policy excludes

coverage for injuries resulting from "Assault and Battery *or any act or omission in connection with the prevention or suppression of such acts.*" (Emphasis added). The complaints cannot be reasonably construed as alleging anything other than negligent acts or omissions in connection with the prevention or suppression of Mr. Smotherman's assault and battery. If the above-quoted policy provisions were not clear enough, the policy further provides that "[t]his exclusion [for assault and battery] applies *regardless of the degree of culpability or intent* and without regard to: ... *[t]he alleged failure* of the insured or his officers, employees, agents or servants to attempt *to prevent, bar or halt any such conduct.*" (Emphasis added). Such conduct is exactly what was alleged in the complaints, which asserted that the defendants failed "to provide security" and "breached the duty upon business owners to take reasonable measures to protect customers from foreseeable criminal attacks." Therefore, although the facts establish an ostensible concurrent cause—the defendants' negligence in failing to provide security and take reasonable steps to prevent an assault and battery—they do not establish a *nonexcluded* concurrent cause.[2]

The case of *Planet Rock, Inc. v. Regis Insurance Co.*, 6 S.W.3d 484 (Tenn. Ct. App. 1999), relied upon by the plaintiffs, is distinguishable because it involved a nonexcluded concurrent cause—the negligence of an insured nightclub's employees in moving an injured patron from the parking lot to inside the Planet Rock nightclub, undertaking to provide medical treatment, and failing to make timely professional medical assistance available, resulting in the patron's death. *Id*. at 486. Although the Planet Rock patron's injuries were initially caused by an assault and battery, an excluded cause, Planet Rock's subsequent negligence was held to be a covered concurrent cause. *Id*. at 491, 493 (citing and following *Watts*). While we have no quarrel with the analysis in the *Planet Rock* decision, it is distinguishable because in the present case there is no allegation of subsequent nonexcluded negligence by the defendants in negligently undertaking to provide medical treatment or in any other regard.[3]

---

[2] The plaintiffs rely upon the case of *QBE Insurance Corp. v. M & S Landis Corp.*, 915 A.2d 1222, 2007 PA Super 12 (Pa. Super. Ct. 2007) in support of their argument to the contrary. The *Landis* decision, which held there was liability insurance coverage resulting from the intentional and negligent acts of an insured nightclub's employees that resulted in a patron's death, is unpersuasive in our view. *Landis* involved actions by the bar's employees, whereas there is no direct action by Sputniks' employees alleged in the present action. Moreover, *Landis* has been subsequently criticized by at least one court that declined to follow it. *See Markel Int'l Ins. Co. v. 2421 Salam, Inc.*, 2009 WL 1220557, at *7 n. 13 (E.D. Penn. Mar. 31, 2009) (stating that "[w]e are unable to reconcile the *QBE* [*v. Landis*] court's conclusion with the plain language of the exclusion and the complaint allegations at issue before it ...").

[3] The Court of Appeals reached a similar conclusion in a case involving an assault and battery exclusionary

-8-

*Clark*, 368 S.W.3d at 440-42 (footnotes in original but renumbered).

Higgs' position is that the swimming pool was but one of several substantial contributing causes to Cayson's death, and these additional causes are covered by Payne's policy. Higgs asserts, for example, that "[t]he decision not to fence the property has nothing to do with the swimming pool and would have been negligent regardless whether there was a swimming pool in Mr. Payne's yard." According to Higgs, the concurrent cause doctrine applies such that Tennessee Farmers is obligated to defend and indemnify Payne in this matter.

Higgs' mere assertion or conclusion that homeowners are duty-bound in general to fence in their property, whether they have a swimming pool or not, is unsupported by any facts or law. For purposes of the present appeal, the absence of a fence from Payne's property is meaningful to the question of Tennessee Farmers' obligation to defend and indemnify this claim only if it constituted a non-excluded concurrent cause of Cayson's death not "arising from or in connection with the swimming pool on the insured premises." In support of her contention that it is such a cause, Higgs relies heavily on the case of *Planet Rock, Inc. v. Regis Ins. Co.*, 6 S.W.3d 484 (Tenn. Ct. App. 1999), discussed by our Supreme Court in *Clark* as set out above, for the proposition that an allegation of an independent negligent act will obligate an insurer to defend a claim notwithstanding the existence of an excluded cause. In *Planet Rock*, the nightclub's insurance policy contained an exclusion for assault and battery. *Id*. at 488. This Court determined that, notwithstanding the fact that the patron's injuries initially were caused by assault and battery, the nightclub's subsequent negligent undertaking of medical treatment for the patron constituted a covered concurrent cause. *Id*. at 491, 493.

*Planet Rock* is distinct from the present case. In *Planet Rock*, if one were to subtract from consideration the patron's being subjected to assault and battery—an excluded cause—the nightclub's subsequent, negligent undertaking of medical care constituted, in its own right, a non-excluded cause of the patron's death. Here, the absence of a fence or gate from Payne's property possibly being negligent is linked to the harm at issue only because of the swimming pool. Higgs has not alleged that Cayson was injured to any degree whatsoever in crossing into Payne's yard unimpeded or in climbing onto his unsecured deck. Nevertheless, Higgs argues: "If Cayson had accessed the property due to the lack of a fence and fallen in a hole in the backyard or tripped on the free-standing deck

clause in a liability insurance policy in *St. Paul Reinsurance Co. v. Williams*, No. W2003-00473-COA-R3-CV, 2004 WL 1908808 (Tenn. Ct. App. Aug. 25, 2004). In *Williams*, the court rejected the insured nightclub's argument that the concurrent cause doctrine provided coverage for an incident where one patron shot another, distinguishing *Planet Rock* on the grounds that no nonexcluded concurrent cause had been established under the facts in *Williams*. *Id*., 2004 WL 1908808, at *4.

next to the swimming pool, there would be no question that Farmers would be obligated to defend the claim and pay any judgment obtained against their insured under this all-risk policy." However, that is not the factual scenario Higgs alleged in her complaint. Here, just as in *Clark*, the complaint cannot be reasonably construed as alleging anything other than negligent acts or omissions in connection with the excluded coverage "for any claims or damages arising from or in connection with the swimming pool on the insured premises."

In *Allstate Ins. Co. v. Watts*, the Tennessee Supreme Court rejected a "but for" analysis for application of the concurrent cause doctrine, explaining that multiple causes for a loss do not negate a single cause:

> Adopting Allstate's interpretation of "arising out of" to include *any* causal relationship would exclude coverage if, for example, Watts had gone into Crafton's home to retrieve a tool to aid in removing the lug nuts, and fell down a flight of stairs. Arguably, at least, maintaining the vehicle would have set in motion the chain of events that produced the eventual result. That is, but-for the difficulty encountered in maintaining the brakes on the truck, Watts would not have been inside of the home when he fell in order to obtain the tool. The problem with this approach is that cause and effect extend to near infinity. It is for this reason that we reject the "chain of events" theory of application which appears to hinge on a "but-for" theory of causation utilized by the Court of Appeals and urged by Allstate.

> ***

> [W]e hold that an insurer should not be excused from its obligation under a homeowner's policy unless it has been determined that the loss being complained of did not result in substantial part from a risk for which it provided coverage and collected a premium. We reject the contention that there can be no coverage when the chain of events leading to the ultimate harm is begun by an excluded risk, concluding instead that coverage cannot be defeated simply because excluded risks might constitute an additional cause of the injury. "That multiple causes may have effectuated the loss does not negate any single cause; that multiple acts concurred in the infliction of injury does not nullify any single contributory act." [*State Farm. Mut. Auto. Ins. Co. v.*] *Partridge*, [10 Cal.3d 94,] 109 Cal.Rptr. [811] at 818, 514 P.2d [123] at 130 [(1973)].

*Allstate Ins. Co. v. Watts*, 811 S.W.2d 883, 887-88 (Tenn. 1991).

-10-

In the present case, the chain of events leading to the ultimate harm did not begin with an excluded risk; it ended with one. Moreover, the issue with Higgs' proffered non-excluded concurrent causes is not their sequence in the chain of events leading to Cayson's death, but whether these proffered causes constitute non-excluded concurrent causes at all. Each of Higgs' alleged non-excluded concurrent causes are bound up inextricably with Cayson's tragic drowning in Payne's pool, an excluded cause under Payne's insurance policy. Under the facts of this case, Higgs alleged non-excluded causes of no fence or gate securing Payne's pool or property cannot be negligent except "in connection with the swimming pool on [Payne's] premises." In other words, it is not a matter of "but for" the pool; it is the pool only. Here, "the loss being complained of did not result in substantial part from a risk for which [Tennessee Farmers] provided coverage and collected a premium." *Watts*, 811 S.W.2d at 888. The language in Payne's insurance policy is clear and unambiguous—there is no "personal liability" or "medical payments to others" coverage for any claims or damages "arising from or in connection with the swimming pool on the insured premises." Higgs' complaint alleges no non-excluded concurrent cause. We therefore hold that, pursuant to the exclusion contained in Payne's policy, Tennessee Farmers is not obligated to defend or indemnify Payne in this matter. We affirm the Trial Court on this issue.

Higgs' second issue is whether Tennessee Farmers 'contracted around' the concurrent cause doctrine. Having held that no non-excluded concurrent cause was alleged in this case, Higgs' second issue is pretermitted as there was nothing to contract around. We affirm the judgment of the Trial Court.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Amy Higgs, and her surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE